UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
LYLE MARTINEZ,

                Plaintiff,

       -against-

THE COUNTY OF SUFFOLK, THE SUFFOLK
COUNTY POLICE DEPARTMENT,
SERGEANT WILLIAM KRAUSE,
SERGEANT PETER HANSEN, POLICE
OFFICER NORBETO E. FLORES, POLICE
OFFICER MATTHEW FERNANDEZ, AND
JOHN AND JANE DOES (POLICE OFFICERS
IN THE EMPLOY OF THE COUNTY OF
SUFFOLK AND THE SUFFOLK COUNTY
POLICE DEPARTMENT BELIEVED TO BE
ASSOCIATED WITH THE 3RD PRECINCT),

       Defendants.
-----------------------------------------------------------X

FILED
CLERK

2/27/2014 11:20 am

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

MEMORANDUM OF
DECISION AND ORDER
11-cv-5113 (ADS)(WDW)

**APPEARANCES:**

**Law Office of Andrew C. Laufer, PLLC**
*Attorneys for the Plaintiff*
255 West 36th Street
Suite 1104
New York, NY 10018
      By:  Andrew C. Laufer, of Counsel

**Office of the Suffolk County Attorney**
*Attorneys for the Defendants*
100 Veterans Memorial Highway
Po Box 6100
      By:  Jason Bassett, Assistant County Attorney

SPATT, District Judge.

     On October 20, 2011, the Plaintiff Lyle Martinez (the "Plaintiff")

commenced this action against Suffolk County, the Suffolk County Police

Department, Sergeant William Krause ("Krause"), Sergeant Peter Hansen

("Hansen"), and John and Jane Does, police officers in the Suffolk County Police

Department believed to be associated with the Third Precinct.  The action arises out

of an allegedly unlawful motor vehicle stop and search of the Plaintiff's person and

vehicle on February 2, 2011 by two officers of the Suffolk County Police

Department, and the alleged failure of Suffolk County to adequately investigate the

Plaintiff's complaints about the incident.

On February 13, 2013, the Plaintiff filed an amended complaint against

Suffolk County and the Suffolk County Police Department.  The Plaintiff also

named Krause; Hansen; Police Officer Norbeto E. Flores ("Flores"); Police Officer

Matthew Fernandez ("Fernandez"); and certain John and Joe Doe Police Officers of

Suffolk County (collectively the "Individual Defendants").  Flores and Fernandez

are the two officers who were allegedly involved in the underlying motor vehicle

stop.

On November 26, 2013, the Court marked this case ready for trial and

scheduled jury selection for March 4, 2014 at 9:00 a.m.

On November 27, 2013, the Plaintiff filed a second amended complaint.  In

the second amended complaint, the Plaintiff asserts causes of action for

(1) violations of 42 U.S.C. § 1983 and 42 § U.S.C. 1985 (2),(3) against the

Individual Defendants; (2) the civil tort of battery against Suffolk County and the

Individual Defendants; and (3) negligent hiring, training, and supervising against

Suffolk County and the Suffolk County Police Department.  On December 23,

2013, Hansen; Krause; Suffolk County; and the Suffolk County Police Department

(the "moving defendants") filed a motion pursuant to Federal Rule of Civil

Procedure ("Fed. R. Civ. P.") 56 for summary judgment dismissing the second

amended complaint as against them.  The Plaintiff opposes the motion.  For the

reasons set forth, the Court grants the moving defendants' motion for summary

judgment.

## I.      BACKGROUND

Unless stated otherwise, the following facts are drawn from the parties' Rule

56.1 statements and construed in a light most favorable to the non-moving party, the

Plaintiff.

On February 2, 2011, Krause was working the 3:00 p.m. to 11:00 p.m. shift

at the Suffolk County Police Department, Third Precinct located at 1630 5th

Avenue in Bay Shore, New York.  At some point, Krause received a phone call

from Brigitte Smalley, who complained about a motor vehicle stop on Howells

Road in Bay Shore involving her son, the Plaintiff, and certain Suffolk County

Police Officers.  Smalley lacked first-hand information about the underlying

incident and, therefore, Krause, advised her to have the Plaintiff call back so that he

could be interviewed directly.  Krause never spoke to Smalley again and never

spoke to the Plaintiff.

Krause testified that, later that day, he made an inquiry of the officers under

his command asking if they had been involved in a traffic stop involving the

Plaintiff on Howells Road, and that they all denied involvement.

That same day, Hansen had a telephone conversation with the Plaintiff in

which the Plaintiff made allegations that, during the alleged vehicle stop, he was

forced to strip down to his underwear and stand in a snow bank.  Hansen subsequently prepared a complaint that was sent to the Internal Affairs Bureau of the Suffolk County Police Department

A few days later, Hansen inquired of the officers under his command asking if they had been involved in a check point or traffic stop on Howells Road on February 2, 2011.  Hansen was unable to identify who, if anybody, was involved. Hansen then consulted with Krause to determine if any officers under Krause's command had conducted such a stop.

The Plaintiff concedes that Hansen and Krause were not personally involved in the actual stop and search of him and his vehicle.

As noted above, on October 20, 2011, the Plaintiff filed a complaint against Suffolk County; the Suffolk County Police Department; Krause; Hansen; and John and Jan Doe Police Officers of Suffolk County.  On February 13, 2013, after learning the identity of the officers personally involved in the underlying incident, the Plaintiff filed an amended complaint, adding Flores and Fernandez as defendants.

On November 27, 2013, the Plaintiff filed a second amended complaint against the Defendants.  As stated above, the Plaintiff asserts causes of action for (1) violations of 42 U.S.C. § 1983 and 42 § U.S.C 1985 (2),(3) against the Individual Defendants; (2) the civil tort of battery against Suffolk County and the Individual Defendants; and (3) negligent hiring, training, retaining, and supervising against Suffolk County and the Suffolk County Police Department.

4

On December 23, 2013, the moving defendants filed a motion pursuant to Fed. R. Civ. 56 for summary judgment dismissing the second amended complaint against them.

## II.   DISCUSSION

A. Legal Standard

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). "In assessing the record to determine whether there is a genuine issue to be tried as to any material fact, the court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." McLee v. Chrysler Corp., 109 F.3d 130, 134 (2d Cir. 1997).

"The burden of showing the absence of any genuine dispute as to a material fact rests on the party seeking summary judgment." Id.; see also Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970). A genuine factual issue exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. To defeat summary judgment, "the non-movant must 'set forth specific facts showing that there is a genuine issue for trial.'" Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000) (quoting Anderson, 477 U.S. at 256). "[M]ere speculation or conjecture as to the true nature of the facts" will not overcome a motion for

summary judgment. <u>Knight v. U.S. Fire Ins. Co.</u>, 804 F.2d 9, 12 (2d Cir. 1986); <u>see also</u> <u>Williams v. Smith</u>, 781 F.2d 319, 323 (2d Cir. 1986) ("Mere conclusory allegations or denials will not suffice." (citation omitted)); <u>Weinstock</u>, 224 F.3d at 41 ("[U]nsupported allegations do not create a material issue of fact.").

A.   <u>The Claims Against the Suffolk County Police Department</u>

It is well-established that "under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and therefore, cannot sue or be sued." <u>Lawrence v. Suffolk Cnty. Police Dep't</u>, 13-CV-2357 (JS)(WDW), 2013 WL 3364344, at *3 (E.D.N.Y. June 28, 2013), quoting <u>Davis v. Lynbrook Police Dep't</u>, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002).   In other words, the Plaintiff's claims against the Suffolk County Police Department cannot go forward because the Police Department has no legal identity separate and apart from Suffolk County. <u>Lukes v. Nassau Cnty. Jail</u>, No. 12–CV–1139, 2012 WL 1965663, at *2 (E.D.N.Y. May 29, 2012) (dismissing the claims against Nassau County Jail because it is an "administrative arm of Nassau County, without a legal identity separate and apart from the County."); <u>Melendez v. Nassau County</u>, No. 10-CV-2516, 2010 WL 3748743, at *5 (E.D.N.Y. Sept. 17, 2010) (dismissing the claims against Nassau County Sheriff's Department because it lacks the capacity to be sued).   Accordingly, the claims against the Suffolk County Police Department are dismissed.

B.  The Claims against Krause and Hansen

    1.  The Section 1983 Claim

As a threshold matter, the Court notes that it does not dismiss the second amended complaint to the extent the Plaintiff raises Section 1983 and Section 1985 claims against Krause and Hansen in their official capacity, as duplicative of such claims against the County under Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).  This is because the Plaintiff raises no such claims against the County as a separate entity.  Nonetheless, the Court dismisses these official capacity and the personal capacity causes of action against Krause and Hansen for the other reasons set forth below.

To prevail on a claim under Section 1983, a plaintiff must show: (1) the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, (2) by a person acting under the color of state law. 42 U.S.C. § 1983.  Section 1983 does not itself create substantive rights; it offers "'a method for vindicating federal rights elsewhere conferred . . . .'" Patterson v. Cnty. of Oneida, 375 F.3d 206, 225 (2d Cir. 2004) (quoting Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979)).

Here, the Plaintiff contends that Krause and Hansen indirectly violated his substantive due process rights under the Fourth and Fourteenth Amendments to the United States Constitution by "intentionally and with malice" withholding information and refusing to investigate his complaints about the underlying motor vehicle stop.  The Court finds that the Plaintiff has not stated a viable claim under

7

§ 1983 against Krause and Hansen for their alleged inaction in the face of his

requests.  "Indeed, courts in the Second Circuit have long held that an individual

has no constitutionally protected right to an investigation by government officials of

alleged wrongdoing by other government officials." Hayes v. Cnty. of Sullivan, 853

F. Supp. 2d 400, 433 (S.D.N.Y. 2012); see Johnson v. Ruiz, No. 11–CV–542, 2012

WL 90159, at *4 (D. Conn. Jan. 10, 2012) (holding that the § 1983 plaintiff had no

constitutionally protected right to a proper investigation of his claims against an

arresting police officer); Allen v. N.Y.C. Dep't of Corr., No. 06-CV-7205, 2010 WL

1631404, at *2 (S.D.N.Y. Apr. 19, 2010) (reasoning that the plaintiff could not

"claim[ ] a constitutional right to have prison officials investigate his attack [as]

there is no constitutional right to an investigation by government officials."

(internal quotation marks omitted)); Kaminski v. Hayes, No. 06–CV–1524, 2009

WL 3193621, at *4 (D. Conn. Sept. 30, 2009) ("Plaintiff has no constitutional right

to an investigation . . . of the detectives about whom he complained."); Lewis v.

Gallivan, 315 F. Supp. 2d 313, 316 (W.D.N.Y. 2004) ("[T]he law is well settled

that no private citizen has a constitutional right to bring a criminal complaint

against another individual."); Stone v. Dep't of Investigation of N.Y., No. 91–CV–

2471, 1992 WL 25202, at *2 (S.D.N.Y. Feb. 4, 1992) ("There is . . . no

constitutional right to an investigation by government officials."); accord Town of

Castle Rock v. Gonzales, 545 U.S. 748, 768, 125 S. Ct. 2796, 162 L. Ed. 2d 658

(2005) (holding that "the benefit that a third party may receive from having

someone else arrested for a crime generally does not trigger protections under the

Due Process Clause").

Even if the Court were inclined to recognize a right to a government investigation of a citizen's complaint, "qualified immunity shields government employees acting in their official capacity from suits for damages under 42 U.S.C. § 1983, unless their conduct violated clearly established rights of which an objectively reasonable official would have known." Lowth v. Town of Cheektowaga, 82 F.3d 563, 568–69 (2d Cir. 1996).  For purposes of qualified immunity, "clearly established" means: "(1) the law is defined with reasonable clarity, (2) the Supreme Court or Second Circuit has recognized the right, and (3) 'a reasonable defendant [would] have understood from the existing law that [his] conduct was unlawful.'" Anderson v. Recore, 317 F.3d 194, 197 (2d Cir. 2003) (quoting Young v. County of Fulton, 160 F.3d 899, 903 (2d Cir. 1998)) (alterations in original).  Here, the case law is clear that there exists no statutory or constitutional right to have a government agency investigate a citizen's claims.

Therefore, the Court grants summary judgment to Krause and Hansen dismissing the Plaintiff's Section 1983 claim based on the failure to take proper action on his requests to investigate the underlying incident.

2.  The Section 1985 Claim

The Plaintiff also alleges the existence of a conspiracy among the Defendants to cover up their allegedly improper actions, in violation of 42 U.S.C. § 1985 (2),(3).  Section 1985(2) permits a private party to bring suit

> [i]f two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so

9

> attended or testified . . .; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws.

Thus, the first clause of Section 1985(2) prohibits "conspiracies to obstruct justice in federal courts, while the second clause involves conspiracies to obstruct justice in state courts." Simon v. City of N.Y., 2012 WL 4863368, at *5 (E.D.N.Y. Oct.11, 2012). However, "[n]owhere in his complaint does plaintiff make any allegations related to obstruction of justice or interference with any state or federal judicial process." Garcia v. Paylock, 13-CV-2868 (KAM), 2014 WL 298593, at *7 (E.D.N.Y. Jan. 28, 2014).

Subsection 1985(3) prohibits conspiracies "for the purpose of depriving . . . any person or class of persons of the equal protection of the laws." A plaintiff advancing such a claim must plead facts that show: 1) a conspiracy; 2) for the purpose of depriving any person or class of persons of the equal protection of the laws or of equal privileges and immunities under the laws; and 3) an act in furtherance of the conspiracy; 4) whereby a person is injured in his person or property or deprived of a right or privilege of a citizen. See Thomas v. Roach, 165 F.3d 137, 146 (2d Cir. 1999).

A conspiracy is "an agreement between two or more individuals where one acts in further[ance] of the objective of the conspiracy and each member has knowledge of the nature and scope of the agreement." Morpurgo v. Inc. Vill. of Sag Harbor, 697 F. Supp. 2d 309, 339 (E.D.N.Y. 2010). To sustain a

§ 1985 claim, a "plaintiff must provide some factual basis supporting a meeting of

the minds, such that defendants entered into an agreement, express or tacit, to

achieve the unlawful end." Webb v. Goord, 340 F.3d 105, 110 (2d Cir. 2003).

Further, for a § 1985(3) claim to survive dismissal, the conspiracy must also be

"motivated by some racial or perhaps otherwise class-based, invidious

discriminatory animus behind the conspirators' action." Thomas, 165 F.3d at 146

(internal quotations omitted).

Here, the Court finds that the Plaintiff's Section 1985(3) claim fails as a

matter of law against Krause and Hansen because there is no triable issue of fact

suggesting a "meeting of the minds" among the Defendants, or any subset of them.

Further, the Plaintiff's § 1985(3) claims presents no facts suggesting that the

conspiratorial harm flowed from "some racial or perhaps otherwise class-based,

invidious discriminatory animus behind the conspirators' action." Thomas, 165 F.3d

at 146 (internal quotations omitted).

Finally, even if the Plaintiff established a triable issue of fact sufficient to

infer the existence of a conspiracy among any of the Defendants, the Plaintiff's

claim is barred by the intracorporate conspiracy doctrine. "Under the intracorporate

conspiracy doctrine, officers, agents and employees of a single corporate or

municipal entity, each acting within the scope of his or her employment, are legally

incapable of conspiring together." Talley v. Brentwood Union Free School Dist.,

728 F. Supp. 2d 226 (E.D.N.Y. 2010) (citing Herrmann v. Moore, 576 F.2d 453,

459 (2d Cir. 1978)); Rodriguez v. City of New York, 2008 WL 420015, at *25

(E.D.N.Y. Feb.11, 2005) (dismissing a conspiracy claim where all the parties to the

11

conspiracy part were part of the New York City Police Department); Everson v. New York City Transit Authority, 216 F. Supp. 2d 71, 76 (E.D.N.Y. 2002) (explaining that a corporation or public entity "generally cannot conspire with its employees or agents as all are considered a single entity.")(citations omitted).

Here, the Individual Defendants are all employees of the same municipal entity, the Suffolk County Police Department, and therefore the intracorporate conspiracy doctrine applies.

For the reasons stated, the cause of action for conspiracy in violation of 42 U.S.C. § 1985 (2),(3) against Krause and Hansen is dismissed.

3.   The Battery Claim

As noted above, the Plaintiff concedes that Krause and Hansen had no personal role in the alleged battery.  To the extent the Plaintiff contends that, in failing to properly investigate the matter, Krause and Hansen contributed to the injuries that resulted from the alleged battery, the Court finds that this cause of action also fails as a matter of law.

"Generally, a municipality may not be held liable for the failure to provide police protection because the duty to provide such protection is owed to the public at large, rather than to any particular individual.  A narrow exception to the rule exists where a special relationship exists between the municipality and the injured party." Brown v. City of New York, 73 A.D.3d 1113, 1114, 902 N.Y.S.2d 594 (2d Dep't 2010)(internal quotation marks and citation omitted).  The elements of this "special relationship" are: "'(1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was

injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking.'" Valdez v. City of New York, 18 N.Y.3d 69, 80, 936 N.Y.S.2d 587, 960 N.E.2d 356 (2011), quoting Cuffy v. City of New York, 69 N.Y.2d 255, 260, 513 N.Y.S.2d 372, 505 N.E.2d 937 (1987). Further, "a municipality is not to be held liable for judgmental errors in the exercise of its governmental functions." Rodriguez v. City of New York, 189 A.D.2d 166, 175, 595 N.Y.S.2d 421 (1st Dep't 1993) (internal quotation marks omitted). This principle has been applied to individual municipal defendants such as a police officer. Keselman v. City of New York, 95 A.D.3d 1278, 1279, 944 N.Y.S.2d 763, 765 (2d Dep't 2012), leave to appeal denied, 20 N.Y.3d 856, 983 N.E.2d 770 (2013); see also Longi v. Cnty. of Suffolk, CV025821 (SJF)(WDW), 2008 WL 858997, at *6 (E.D.N.Y. Mar. 27, 2008), aff'd sub nom. Longi v. New York, 363 F. App'x 57 (2d Cir. 2010).

Here, there is no evidence that Krause or Hansen made any assurances to Plaintiff, or did anything that could trigger the "special relationship" exception to the rule that a municipal defendant cannot be held liable for a failure to investigate. Accordingly, the cause of action for battery against Krause and Hansen is dismissed.

C.   The Claims Against Suffolk County

1.   The Battery Claim

As previously noted, "[a]bsent a special relationship, [a municipality] cannot be held liable for failing to provide proper police protection, a discretionary governmental duty owed to the public at large." Lorber v. Town of Hamburg, 225 A.D.2d 1062, 1063, 639 N.Y.S.2d 607, 608 (4th Dep't 1996), citing Merced v. City of New York, 75 N.Y.2d 798, 799, 552 N.Y.S.2d 96, 551 N.E.2d 589 (1990). "A special relationship can be demonstrated only by proof of special assurances of protection to plaintiff, and detrimental reliance by plaintiff on such assurances." Lorber, 225 A.D. 2d 1063, citing Merced, 75 N.Y.2d at 800.

Here, even when viewed in the light most favorable to the Plaintiff, the record is bereft of evidence regarding assurances by the police officers or a "special relationship" that could trigger liability on the part of the County for a failure to investigate the alleged battery. Thus, the battery claim is dismissed as to Suffolk County.

2.   The Negligent Hiring Claim

"Generally, where an employee is acting within the scope of his or her employment, the employer is liable for the employee's negligence under a theory of respondeat superior and no claim may proceed against the employer for negligent hiring, retention, supervision or training." Talavera v. Arbit, 18 A.D.3d 738, 795 N.Y.S.2d 708 (2d Dep't 2005). "This is because if the employee was not negligent, there is no basis for imposing liability on the employer, and if the employee was negligent, the employer must pay the judgment regardless of the reasonableness of

14

the hiring or retention or the adequacy of the training." <u>Karoon v. New York City</u>

<u>Transit Auth.</u>, 241 A.D.2d 323, 324, 659 N.Y.S.2d 27, 29 (1st Dep't 1997).

Here, the Plaintiff alleges that the Individual Defendants were acting within

the scope of their employment at all times relevant herein.  Under these

circumstances, the Plaintiff cannot bring a negligent hiring cause of action against

Suffolk County.

"[A]n exception exists to this general principle where the injured plaintiff is

seeking punitive damages from the employer based on alleged gross negligence in

the hiring or retention of the employee." <u>Id</u>.  That exception is inapposite here.  "It

is [] well settled that "the State and its political subdivisions [such as counties] are

not subject to punitive damages . . . [as] the goals of punishment and deterrence are

not served when punitive damages are imposed against the State, for in such

circumstances, it ultimately is the innocent taxpayer who is punished." <u>Hubbard v.</u>

<u>Town of Sand Lake</u>, 246 A.D.2d 708, 710, 667 N.Y.S.2d 496, 498 (3d Dep't 1998).

Thus, the negligent hiring claim against Suffolk County is dismissed.

D.  <u>Supplemental Jurisdiction</u>

To summarize, all the claims against Krause, Hansen, Suffolk County, and

the Suffolk County Police Department are dismissed.  The pending claims against

Flores and Fernandez are the Section 1983; Section 1985; and battery claims.  The

Court *sua sponte* dismisses the Section 1985 claim against Flores and Fernandez for

the same reasons that the cause of action was dismissed against Krause and Hansen.

The moving defendants contend that, absent a viable federal claim, this

Court should decline to exercise supplemental jurisdiction over the state law claim

15

for battery.  However, there is a viable federal claim, namely the Section 1983

claim against Flores and Fernandez.  Thus, this Court exercises supplemental

jurisdiction over the claim for battery against Flores and Fernandez.

### III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED**, that the motion for summary judgment by Krause, Hansen,

Suffolk County and the Suffolk County Police Department is granted and all claims

against those parties are dismissed.  The Court also *sua sponte* dismisses the

Section 1985 cause of action against Flores and Fernandez.  The pending claims

are, as against Flores and Fernandez, the Section 1983 claim and the tort of battery.


**SO ORDERED.**

Dated: Central Islip, New York
February 27, 2014


                                              *Arthur D. Spatt*
                                        ARTHUR D. SPATT
                                  United States District Judge